In re CHINESE RELATORS.

(Circuit Court, S. D. New York. November 21, 1893.)

1. CHINESE IMMIGRANTS—CERTIFICATE—EVIDENCE.

Where the passport certificate and papers of a Chinese immigrant are regular, and such as the statutes declare to be prima facie evidence of the facts therein stated, their effect is not to be overcome by the sworn statement of a special inspector that he was told by an interpreter that the immigrant had made to the latter certain statements inconsistent with the papers.

2. SAME—DECLARATIONS.

If declarations of a Chinese immigrant on his examination at the port of entry are to be used to overcome the prima facie case made by his certificate and papers, they must be taken under oath, and reduced to writing in the usual way.

Petition by certain Chinese immigrants for writ of habeas corpus. Petitioners discharged.

Edward Mitchell, U. S. Atty., and Chas. D. Baker, Asst. U. S. Atty., for collector.

B. C. Chetwood, for relators.

LACOMBE, Circuit Judge. In each of these cases it is conceded that the passport, certificate, and papers are regular, and such as under the statutes are declared to be prima facie evidence of the facts set forth therein. The statute does not permit the Chinese person seeking entry into the United States to produce any other evidence of his right to such entry. These papers prima facie show him to be within the privileged, not within the prohibited, classes. All that is presented in opposition is a statement under oath made by the special Chinese inspector that an interpreter told him that the Chinese immigrant made to him certain statements as to his occupation and intentions. This is not evidence of the truth of the statements. If declarations of the immigrant upon examination at this port are sought to be used to overcome the prima facie case, they should be taken under oath, and reduced to writing in the usual way. Relators discharged.